THE LOUISVILLE, NEW ALBANY & CHICAGO RAILWAY COMPANY ET AL.

v.

ROSA RED, ADMINISTRATRIX.

*Railroads—Negligence—Personal Injuries —Crossings —Contributory Negligence.*

1.   The protection and shield of the law extends to those ignorant of its provisions as much as to those most learned in it.

2.   What constitutes due care, ordinary care, diligence or negligence depends very largely upon the circumstances of each particular case.

3.   Railroad companies may be presumed to know the condition of the crossings over which they run their trains, and if they see fit to operate them in cities at places where the statutory obligation to have the public right of way safe, has been neglected, they must at least be held bound to exercise such diligence as the safety of persons at the unsafe public way demands.

4.   In an action against a railroad to recover for the death of a person named, this court holds that the evidence justified the finding that but for the negligent failure of such company to keep the crossing where the accident occurred, safe, as required by the statute, such accident would not have occurred, and that deceased was killed by a train operated by a certain road.

[Opinion filed January 30, 1893.]

Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Mr. G. W. Kretzinger, for appellant.

Mr. B. M. Shaffner, for appellee.

Mr. Justice Waterman.   This was an action brought to recover damages occasioned by the death of John Red, Jr., a boy some ten years of age, who was killed at a grade crossing in Chicago.

It appeared on the trial that the sidewalk on the street crossing over which appellants ran cars, was out of order, and that the deceased, in going over the crossing, stumbled at a hole in the walk, fell in front of an advancing engine and was killed.

It is insisted that the deceased failed to exercise such care for his own safety as could be expected from a person of his years and experience; that he was heedless and reckless, running so close to and in front of an engine that, although it was moving but at the rate of five miles an hour, it was upon him almost as soon as he fell.

We should be inclined to think that there could be no recovery if there were no negligence on the part of appellant, save that of running an engine over this crossing at the rate it did.

The statute makes it the duty of the railroad corporations in this State to construct and maintain all crossings of streets and highways and the approaches thereto, within their respective rights of way, so that at all times they shall be safe as to persons and property.   Hurd's R. S., Ed. of 1891, Sec. 71, page 1087.

John Red, Jr., had, as on this Sunday morning he started to go over this crossing, a right to rely upon a compliance with this law.   No doubt he had never heard of it, but the protection and shield of the law extend to those ignorant of its provisions, as much as to those most learned in it.   The

maxim " *Ignorantia juris non excusat*," ignorance of the law excuses no one—is more completely expressed in the principle "*Ignorantia juris, quod quisque tenetur scire, neminem excusat*." Ignorance of the law, which every one is presumed to know, excuses no one.

As no one can plead ignorance of the law as an excuse, so ignorance of the law deprives no one of its protection.

This lad may be presumed to have known of the duty of the railroads owning this right of way, in respect to it, and to have run along in reliance upon a discharge of such obligation.

It does appear that in consequence of the neglect to keep this crossing in order, he fell and was killed; it does not appear that had this sidewalk been " safe as to persons and property," he would have been injured.

What constitutes due care, ordinary care, diligence or negligence, depends very largely upon the circumstances of each particular case; most especially must this be borne in mind when considering what judgment and care a boy ten years old is required to exercise. An adult might, from his greater experience, have concluded that there was much doubt about the law as to railroad crossings having been complied with, while a boy would have thought nothing about it.

Appellants do not concede that the deceased was killed at this crossing, or by reason of any negligence upon the part of either of them. As to this, we see no reason for interfering with the conclusion of the jury, affirmed as it was by the judge before whom the case was tried.

The negligence shown on the trial of this cause was primarily a failure to keep this crossing safe for persons and property, as required by the statute; and we think that the jury were warranted in finding that but for such negligence the accident would not have occurred; following this negligence was the running of a train over this crossing located in the midst of a great city, under the condition of the crossing at the time the train was run.

It was shown that this crossing had been out of order for nearly a month. Railroad companies may be presumed to know the condition of the crossings over which they run

their trains, and if they see fit to operate them in cities at places where the statutory obligation to have the public right of way safe, has been neglected, they must, at the least, be held bound to exercise such diligence as the safety of persons at the unsafe public way demands. While the testimony is contradictory, we think there was sufficient evidence tending to warrant the jury in concluding that the deceased was killed by a train operated by the Louisville, New Albany & Chicago Ry. Co.

The judgment of the Circuit Court will therefore be affirmed.

*Judgment affirmed.*